IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-02550-RPM

STEPHEN J. HOLLAND,

    Plaintiff,

v.

RODNEY JOHNSON, Individually and in his Official Capacity as Sheriff, Grand County, Colorado, and
WALTER P. ELDRIDGE, Individually and in his Official Capacity as Under Sheriff, Grand County, Colorado,

    Defendants

._____

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
_____

Upon review of the defendants' motion for summary judgment, filed December 6, 2010, and the briefing supporting and opposing the motion, the Court finds and concludes that the defendants' assertion that the plaintiff had no protectable property interest because of the Grand County Personnel Manual is contrary to Colorado law. The plaintiff was employed as a deputy sheriff by the Sheriff of Grand County, Colorado, an elected constitutional officer of the county under Article XIV § 8 of the Colorado Constitution.  It is established law that the Sheriff is the hiring authority for all deputies and other personnel in the Sheriff's Office.  The plaintiff has demonstrated that the Sheriff's Office has and did have a Grand County Sheriff's Department Handbook which provided for progressive discipline and some procedural due process for termination. C.R.S. § 30-10-506 directs that a Sheriff shall adopt personnel policies, including policies for the revocation of appointments.  The defendants contend that Sheriff

1

Johnson uses the Grand County Personnel Manual rather than the Department Handbook, and while it may be appropriate for a county sheriff to adopt a county manual as his personnel manual, there are disputed facts with respect to the manner in which personnel policies were followed in the department.  There are also disputed facts with respect to whether the manner of termination affected the liberty interest of the plaintiff, protectable under the United States Constitution.  The issue of qualified immunity is dependent upon disputed facts and while that issue is determinable by the Court, rather than the jury, the determination will depend upon the evidence at trial.

The plaintiff has failed to show sufficient evidence to support his claim of substantive due process for conduct shocking to the conscience.  As to that claim, the defendants' motion is granted.  Upon the foregoing, it is

ORDERED that the defendants' motion for summary judgment is denied excepting as to the claim for a violation of substantive due process protection.

DATED:   March 11th, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge